**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 23-6266**

———————————

ALBERT MARQUAVIOUS LAMAR ANDERSON,

            Plaintiff - Appellant,

      v.

JANE DOE 1; SERGEANT LEWIS; OFFICER DOLO,

            Defendants - Appellees.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:21-ct-03289-FL)

———————————

Submitted:  November 21, 2023                    Decided:  December 19, 2023

———————————

Before GREGORY and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Albert Anderson, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Marquavious Lamar Anderson seeks to appeal the district court's order and judgment dismissing without prejudice his 42 U.S.C. § 1983 action for failure to prosecute and failure to comply with a court order, and the court's subsequent order denying Anderson's motion to alter or amend the judgment. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Where, as here, a party files a Rule 59(e) motion to alter or amend the judgment within 28 days of the judgment's entry, the 30-day appeal period is tolled until disposition of that motion. Fed. R. App. P. 4(a)(4)(A)(iv).

The district court entered its order denying Anderson's motion to alter or amend the judgment on January 19, 2023. Anderson filed the notice of appeal on March 15, 2023.[1] Because Anderson failed to file a timely notice of appeal or to obtain an extension or

---

[1] For purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Anderson could have delivered the notice of appeal to prison officials for mailing to the court. Fed. R. Civ. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

reopening of the appeal period, we dismiss the appeal.  We deny Anderson's motions for general relief.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*